*C. Negus* and *J. A. L. Crookham*, for appellant.

*E. W. Eastman* and *B. Rice*, for appellee.

———•◦•———

ROBINSON *v.* TURNER.

*Where a witness is shown to be interested as a partner by other witnesses, he is not competent to testify even as to his interest on voir-dire.*

APPEAL *from Jefferson District Court.*

*Opinion by* KINNEY, J. It appears from the bill of exceptions taken on the trial of this cause that the plaintiff

Robinson v. Turner.

produced one Nathan Turner as a witness to prove the claim of plaintiff. The defendant then introduced evidence tending to prove that said Nathan Turner was a partner of said plaintiff in the purchase of hogs, and interested in securing the money sued for as such partner. Amongst other things shown, it appeared that said Nathan Turner had claimed or pretended to be a partner and had spoken of his loss in such pork business, and therefore the plaintiff called said Nathan Turner to explain such statements on his *voir-dire* to which the defendant objected, but the court overruled such objections and permitted the witness to testify. It is claimed that in this the court erred. After the witness had been called and examined, and the party against whom he had testified had shown his interest *aliunde*, could the witness be then recalled by the party first offering him and sworn on his *voir-dire* as to his interest? This is the question presented by the bill of exceptions. We think the witness could not be re-called to disprove by his own oath the evidence establishing his interest. The interest of the witness being shown *aliunde*, it is the duty of the court to rule out his testimony. But if he is permitted to restore his testimony upon his *voir-dire*, the effect is the same as though he were testifying in chief on the merits of the case. It would be unfair then to permit an *interested* witness to testify that he had no interest. His interest being once established *aliunde*, he is as incompetent to restore himself, as he would be to give evidence in chief. But, if when the witness was first called, objection had been made on the ground of interest, and being put on his *voir-dire* he had purged himself of any interest, the objecting party would have been bound by his testimony, and it has been held that he would be precluded from afterwards showing any interest except by the testimony of the witness himself. But in this case the party shows the interest independently of the witness, which he had a right to do, and as we have said, the witness could not be recalled by

the party offering him to explain or purge himself of such interest. The court erred in overruling the objection, and the judgment is reversed and the cause remanded for trial *denovo.*

Judgment reversed.

*C. Negus,* for appellant.

*Slayle & Acheson,* for appellee.